No. 92-347

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

Plaintiff and Respondent,

v.

MICHAEL KLINKHAMMER,

Defendant and Appellant.

FILED

FEB 3 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Edmund F. Sheehy, Jr., Cannon & Sheehy,
Helena, Montana

For Respondent:

Honorable Marc Racicot, Attorney General,
Cregg W. Coughlin, Assistant Attorney General,
Helena, Montana; Robert L. Deschamps III, Missoula
County Attorney, Gary L. Henricks, Deputy
County Attorney, Missoula, Montana

Submitted on Briefs: October 14, 1992

Decided: February 3, 1993

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant and appellant, Michael Klinkhammer, appeals from the decision of the District Court of the Fourth Judicial District, Missoula County. Defendant was charged with driving under the influence of alcohol, second offense. Defendant's motion to dismiss the charge was denied by the District Court. Following the court's denial of his motion to dismiss, defendant entered a conditional plea of guilty to the charge. Defendant's motion to dismiss the charge was based on his contention that his due process rights were violated in that he was not allowed to obtain an independent test to determine the amount of alcohol in his body. The State argued that he did not request such a test and that his due process rights were not violated. The District Court agreed with the State and denied defendant's motion to dismiss. Defendant appeals. We affirm.

The only issue raised on appeal is whether the District Court was clearly erroneous in determining that defendant's due process rights were not violated in relation to obtaining an independent test to determine the amount of alcohol concentration in his body.

In the early morning hours of June 23, 1991, defendant was stopped and arrested by a Missoula County Deputy Sheriff for driving under the influence of alcohol. Defendant was taken to the Missoula County Sheriff's Office for processing. These proceedings were recorded by videotape.

Upon arriving at the sheriff's office, the arresting officer explained to defendant Montana's implied consent statute found at

2

§ 61-8-402, MCA. The officer explained that if defendant refused to submit to a test at that time to determine the concentration of alcohol in his body, the officer would be required to seize his driver's license. Additionally, the arresting officer informed defendant that in addition to the test being offered at that time, defendant could obtain an independent test at his own expense. Defendant was reluctant to take the offered test and requested instead that a test be administered by his doctor. As the videotape recording of these proceedings indicates, defendant apparently misunderstood the implied consent law as it was explained to him and believed that he could refuse the test being offered by the officer, but still keep his license by obtaining an independent test on his own. The officer explained several times to defendant that the independent test could be obtained in addition to the offered test, but that refusal of the offered test would result in the immediate seizure of his driver's license, regardless of any independent test defendant might later take. Once defendant understood that his refusal to take the offered test would result in the immediate seizure of his driver's license, he consented to take the offered test.

Following the administration of the breath test by the officer, the videotape recording indicates that defendant did not request an independent test in addition to the administered test. There is no allegation that defendant requested an independent test at any time subsequent to the conclusion of the videotape recording. Defendant was released from jail on bond between

3

5 and 6 a.m., approximately two to three hours after taking the intoxilyzer test.

Defendant, representing himself, was found guilty by a jury in Justice Court of the offense charged. Defendant appealed to the District Court. In District Court, defendant, as he had done in Justice Court, moved to dismiss the driving under the influence charge. The basis for this motion was defendant's contention that his due process rights had been violated when he was not given an independent test to determine the alcohol level in his body at the time of the arrest. The issue was briefed by the parties and it was stipulated that the District Court would decide the motion based on the briefs and the videotape recording. The District Court denied the defendant's motion on the basis that defendant had not made a timely request for an independent test. Defendant then entered a conditional plea of guilty to the offense charged, pursuant to § 46-12-204(3), MCA. Thereafter, defendant filed his notice of appeal with this Court.

Was the District Court clearly erroneous in determining that defendant's due process rights were not violated in relation to obtaining an independent test to determine the amount of alcohol concentration in his body?

Defendant's due process argument rests on his allegation that during his processing by the arresting officer he requested, but was not allowed to obtain, an independent test. The District Court found that defendant did not request an independent test, and therefore, his due process rights were not violated. Our standard

4

of review of factual findings in nonjury criminal cases as to the elements of the crime charged is "whether, after reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." State v. Bower (Mont. 1992), 833 P.2d 1106, 1110, 49 St. Rep. 586, 588. However, a district court's factual findings on other issues in criminal proceedings will be reviewed using the clearly erroneous standard. State v. Cope (1991), 250 Mont. 387, 819 P.2d 1280. The clearly erroneous standard is the appropriate standard of review in this case.

Defendant alleges that he requested an independent test at the time of his processing on the driving under the influence charge. Defendant further contends that upon his release, several hours after the test administered by the officer, it was too late for him to obtain an independent test on his own. Section 61-8-405(2), MCA, provides that in addition to the test offered to a defendant by the law enforcement officer:

> The person may, at his own expense, have a physician or registered nurse of his own choosing administer a test, in addition to any administered at the direction of a peace officer, for the purpose of determining any measured amount or detected presence of alcohol in the person at the time alleged, as shown by analysis of his blood, breath, or urine. The failure or inability to obtain an additional test by a person does not preclude the admissibility in evidence of the test taken at the direction of the peace officer.

This Court discussed the application of § 61-8-405, MCA, in our recent decision in State v. Swanson (1986), 222 Mont. 357, 722 P.2d 1155. We recognized that the right to attempt to obtain

5

exculpatory evidence is constitutionally guaranteed to criminal defendants. Swanson, 722 P.2d at 1157. When a defendant is charged with the offense of driving under the influence, this right to obtain exculpatory evidence includes the right to obtain an independent test to establish sobriety, even if the defendant has refused the test offered by a peace officer. Swanson, 722 P.2d at 1157.

However, the mere fact that an independent test is not obtained is not a violation of a defendant's due process rights. The rule set out in Swanson was clarified in State v. Peterson (1987), 227 Mont. 418, 739 P.2d 958. In Peterson, we stated that the rule adopted in Swanson only applies when "(1) the defendant has timely claimed the right to a blood test, and (2) the officer or officers do not unreasonably impede the defendant's right to obtain a blood test." Peterson, 739 P.2d at 961. Both criteria must be satisfied in order to support an allegation of a violation of a defendant's due process rights. The Swanson rule will not apply if the defendant either fails to timely request the test, or the test is unavailable through no unreasonable acts of law enforcement.

The District Court Judge determined, after viewing the videotape recording, that the defendant did not timely request the right to an independent test. It is clear upon reviewing the videotape that defendant did request that a physician of his choice administer a test. However, defendant did not appear to be requesting an independent test as provided for in § 61-8-405(2),

6

MCA, but was instead requesting that his physician administer the test necessary under § 61-8-402, MCA, to avoid seizure of his driver's license. After several attempts, the officer was able to communicate to defendant that if the offered test was not taken, defendant's driver's license would be seized. Once defendant understood that he could not have a physician of his own choice administer the test under § 61-8-402, MCA, he consented to take the offered test and did not request an independent test of his own.

On appeal, defendant refers in his reply brief to several statements made by the arresting officer which he argues demonstrate that a request had been made for an independent test. These statements indicate that the officer informed defendant that at his request he would be taken to the hospital for a test, or that he could phone a physician. These statements are merely a recitation of the law which the officer was required to explain to defendant. The statements only show that it was explained to defendant that an independent test would be available if he requested one. The statements do not show that defendant had in fact requested such a test. We hold that the District Court was not clearly erroneous in determining that defendant did not timely request a test, and therefore, his due process rights were not violated.

Affirmed.

_William E. Hunt_
Justice

7

We concur:

_____
Karla M. Gray

_____

_____
B. C. McDonough

_____
Justices

Justice Terry N. Trieweiler dissenting.

I respectfully dissent from the opinion of the majority.

After reviewing the video tape of the conversation between the defendant and the officer who administered the breathalyzer, I conclude that the District Court was clearly erroneous when it found that the defendant did not timely request an independent test to determine whether or not he was intoxicated. That recording indicates that the following conversation took place:

MR. KLINKHAMMER: You said that I could have a doctor or physician of my choice.

OFFICER TILLMAN: Yeah, (inaudible).

MR. KLINKHAMMER: (Inaudible) that -- I would like to have Dr. Hoell (inaudible). He is my psychiatrist.

OFFICER TILLMAN: Okay. That's fine. That is your test. You are allowed to have a test at your own expense like that. However, that is separate and above this one here. This is the one I'm offering you pursuant to Implied Consent.

MR. KLINKHAMMER: I thought that I had a right to any test according to that statement.

. . . .

OFFICER TILLMAN: [Reading from Implied Consent form.] "In addition to any test administered at the direction of a peace officer, you may, at your own expense, have a physician or nurse of your own choosing administer a test for the purpose of determining the amount of alcohol in your blood."

The key words there are "in addition to any test administered at the direction of a peace officer." And pursuant to Implied Consent, to keep your driver's license, this is the test that I am offering you right now.

MR. KLINKHAMMER: Okay. That means, though, in order -- in order to -- for the various tests to be valid, they must be done at the same time. Okay?

9

OFFICER TILLMAN:  You can be taken down to the hospital, and at your own expense we'll draw your blood after we get through here.  So whatever you'd like.

MR. KLINKHAMMER:  At the same time I'd like to have Dr. Hoell there.

OFFICER TILLMAN:  Okay.  (Inaudible) if you -- if you can call Dr. Hoell, that's fine, but right now we're not going to do -- talk about that part of it anymore.  <u>We'll take care of that after my part of it's over.  That's your part.</u>  [Emphasis added.]

It is clear from this conversation that the defendant requested an independent evaluation by his own physician and that he was assured by the officer who interviewed him that such an evaluation would be taken care of after the breathalyzer was administered by the officer.  However, the defendant remained in the custody of the Missoula Police for two more hours and no opportunity was afforded for the independent evaluation.  He was not free to check into a hospital on his own, and needed the cooperation of the police department in order to exercise his right to an independent evaluation.  He requested that assistance.  He was promised that assistance, but it apparently was never provided.

The facts in this case are not similar to those in *State v. Clark* (1988), 234 Mont. 222, 762 P.2d 853.  In that case, the defendant was given an opportunity to, and did call his physician.  However, during that conversation with his physician the defendant did not request an independent evaluation.  In that case, the Court correctly concluded that the defendant waived the right to an independent evaluation by not requesting one at the time when it was most logical to do so.

10

In *State v. Swanson* (1986), 222 Mont. 357, 722 P.2d 1155, we recognized that the right provided for in § 61-8-405(2), MCA, is the right to gather exculpatory evidence and is guaranteed by the due process clause of the Fifth Amendment to the United States Constitution.

Any right that rises to the level of constitutional magnitude should not depend for its enforcement on a nuance so irrelevant as the frequency with which it is asserted, nor the order in which it is asserted. Yet, that is the result of the majority's decision.

For these reasons, and pursuant to *Swanson*, I would reverse the District Court.

_____
Justice

11

February 3, 1993

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Edmund F. Sheehy, Jr.
CANNON & SHEEHY
P.O. Box 5717
Helena, MT  59604

HON. MARC RACICOT, Attorney General
Cregg Coughlin, Assistant
Justice Bldg.
Helena,  MT  59620

Robert L. Deschamps, III, County Attorney
Gary L. Hendricks, Deputy
200 W. Broadway
Missoula,  MT 59802

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy